<pre>
 1                 IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF HAWAII

 3
     UNITED STATES OF AMERICA,      ) CRIMINAL NO. 12-01133LEK
 4                                  )
                 Plaintiff,         ) Honolulu, Hawaii
 5                                  ) November 8, 2012
            vs.                     ) 2:10 p.m.
 6                                  )
     (02) SEAN BARRIERO,            ) INITIAL APPEARANCE
 7                                  ) ARRAIGNMENT & PLEA OF GUILTY
                 Defendant.         ) TO THE INDICTMENT AS TO
 8   _____ ) DEFENDANT (02) SEAN BARRIERO

 9
                        TRANSCRIPT OF PROCEEDINGS
10           BEFORE THE HONORABLE KEVIN S. C. CHANG
                  UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For the Government:        LESLIE E. OSBORNE, JR., ESQ.
13                              Office of the United States Attorney
                                PJKK Federal Building
14                              300 Ala Moana Blvd., Suite 6100
                                Honolulu, Hawaii  96850
15

16   For the Defendant:        SEAN COUTAIN, ESQ.
                                Office of the Federal Public Defender
17                              PJKK Federal Building
                                300 Ala Moana Boulevard, Suite 7104
18                              Honolulu, Hawaii  96850

19

20   Official Court            Cynthia Fazio, RMR, CRR
     Transcriber:              United States District Court
21                             P.O. Box 50131
                               Honolulu, Hawaii  96850
22

23

24
     Proceedings recorded by electronic sound recording, transcript
25   produced with computer-aided transcription (CAT).
</pre>

1    THURSDAY, NOVEMBER 8, 2012                        2:10 P.M.

2            THE CLERK:  Criminal Number 12-1133LEK, United States

3    of America versus Sean Barriero.

4            This is an initial appearance, arraignment and plea of

5    guilty to the indictment.

6            May I have your appearances.

7            MR. OSBORNE:  Good afternoon, Your Honor.  Les Osborne

8    with Tom Simon of the FBI for the United States.

9            THE COURT:  Good afternoon.

10           MR. COUTAIN:  Good afternoon, Your Honor.  Sean

11   Coutain representing Sean Barriero, who's present.

12           THE COURT:  Good afternoon.

13           THE DEFENDANT:  Good afternoon.

14           THE COURT:  The Court has received a financial

15   affidavit submitted and signed by the defendant in this case

16   and approves the appointment of counsel.

17           MR. COUTAIN:  Thank you, Your Honor.

18           THE COURT:  Mr. Barriero.

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  Is it your intention this afternoon to

21   plead guilty to Count 2 of the indictment?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  Before I can accept your guilty plea I

24   must know that you understand what you're doing, that you're

25   pleading guilty freely and voluntarily, that there is a factual

1    basis for your plea, that the ends of justice would be met to

2    allow you to make such a plea.  To make these determinations

3    I'm going to ask you some questions.  If you do not understand

4    any of the words of the questions, will you please say so?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  All right.  Would you administer the oath?

7                 (Defendant sworn to answer truthfully.)

8              THE COURT:  Mr. Barriero, what is your full name?

9              THE DEFENDANT:  Sean Barriero.

10             THE COURT:  And how old are you?

11             THE DEFENDANT:  44.

12             THE COURT:  How far did you go in school?

13             THE DEFENDANT:  2 years (indiscernible) degree.

14             THE COURT:  Have you taken any medication, alcohol or

15    drugs of any kind today?

16             THE DEFENDANT:  No, sir.

17             THE COURT:  Do you feel well and alert?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Do you understand what is going on?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Have you been treated recently for any

22    mental illness or addiction to narcotic drugs of any kind?

23             THE DEFENDANT:  No, sir.

24             THE COURT:  Mr. Coutain, to the best of your knowledge

25    is the defendant fully competent to enter a valid plea today?

```
 1              MR. COUTAIN:  He is, Your Honor.
 2              THE COURT:  The Court finds that the defendant is
 3    fully competent and capable of entering an informed plea.
 4              Mr. Barriero, if you choose to enter a guilty plea in
 5    this case, you have the right to enter that plea before a
 6    United States district judge.  If you consent, however, you may
 7    enter your guilty plea before me, a magistrate judge.  If you
 8    enter a guilty plea here today Judge Kobayashi would impose
 9    sentence at a later hearing.  Do you understand that?
10              THE DEFENDANT:  Yes, Your Honor.
11              THE COURT:  I have before me a document entitled
12    Consent to Rule 11 plea in a Felony Case Before United States
13    Magistrate Judge.
14              Mr. Barriero, did you sign this document?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  Is it your wish to consent to enter your
17    plea before me, a magistrate judge, and to give up or waive
18    your right to enter that plea before a United States district
19    judge?
20              THE DEFENDANT:  Yes, Your Honor.
21              THE COURT:  Mr. Coutain, have you discussed the
22    consent form with your client?
23              MR. COUTAIN:  I have, Your Honor.
24              THE COURT:  And are you satisfied that he understands
25    it?
```

1              MR. COUTAIN:  I am.

2              THE COURT:  Have you also signed the document?

3              MR. COUTAIN:  Yes, Your Honor.

4              THE COURT:  The Court finds that the defendant has

5    consented to enter his plea before a United States magistrate

6    judge.

7              Mr. Barriero, have you received a copy of the

8    indictment pending against you, that is the written charge made

9    against you in this case?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Have you discussed the charges and all of

12   the facts surrounding the charges with Mr. Coutain, your

13   attorney?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Are you fully satisfied with the legal

16   representation that you've received from Mr. Coutain, your

17   attorney in this case?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Mr. Coutain, is the defendant's guilty

20   plea before the Court today pursuant to your advice and

21   recommendation?

22             MR. COUTAIN:  It is, Your Honor.

23             THE COURT:  Mr. Barriero, the Court's been furnished

24   with a written plea agreement.  Is this your signature on the

25   last page?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  Did you have an opportunity to read and

3     discuss the plea agreement with your lawyer before you signed

4     it?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Do you understand the terms of the plea

7     agreement?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Does the plea agreement cover every aspect

10    of the agreement that you have with the government in this

11    case?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Has anyone made any other or different

14    promise or assurance of any kind in an effort to get you to

15    plead guilty?

16             THE DEFENDANT:  No, Your Honor.

17             THE COURT:  Has anyone attempted to force you to plead

18    guilty or pressure you or threaten you in any way?

19             THE DEFENDANT:  No, Your Honor.

20             THE COURT:  Mr. Osborne, would you summarize the major

21    terms of the plea agreement?

22             MR. OSBORNE:  Yes, Your Honor.  Pursuant to this

23    agreement, when the defendant enters his plea of guilty to the

24    interstate transportation of stolen property it will constitute

25    a complete and total rest -- resolution of all matters dealing

1    with the ill-fated Stevie Wonder concert and the University of

2    Hawaii as it pertains to this defendant only.

3             In addition, the defendant will provide cooperation,

4    and has, to the United States which will be reflected in the

5    representation of the United States at the -- at the time of

6    sentencing.

7             The defendant has also relinquished his appellate

8    rights except in the limited area of a subsequent belief that

9    he has not received adequate representation or if the sentence

10   in this matter should exceed the sentencing guidelines

11   recommendation, he can then appeal that portion of the sentence

12   that exceeds the statutory recommendation.

13            THE COURT:  Mr. Barriero, does that accurately

14   summarize your agreement with the government?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  Do you understand that you are waiving or

17   giving up all of your rights to appeal except for two

18   situations; first, if Judge Kobayashi imposes a sentence above

19   the advisory sentencing guidelines and second, in the event of

20   ineffective assistance of counsel?

21            THE DEFENDANT:  Yes, Your Honor.

22            THE COURT:  Do you fully understand the charge covered

23   by the plea agreement?

24            THE DEFENDANT:  Yes, Your Honor.

25            THE COURT:  Mr. Osborne, what are the maximum possible

1    penalties for Count 2 of the indictment to which the defendant

2    would be entering a plea?

3         MR. OSBORNE:  5 years imprisonment, $200,000 fine, up

4    to 3 years of supervised release, $100 special assessment, and

5    restitution to the University of Hawaii in the amount of

6    $200,000.  That would be a joint and several restitution.

7         THE COURT:  Mr. Osborne, did you say 5 years or

8    10 years?

9         MR. OSBORNE:  Well, the agreement says, I think, you

10   may be right, though, but just because the agreement says it --

11   it is ten, Your Honor.  I'm sorry.  And the agreement says ten.

12        THE COURT:  Mr. Coutain, do you agree with that

13   summary as to the possible penalties?

14        MR. COUTAIN:  I do, Your Honor.

15        THE COURT:  Mr. Barriero, do you understand these are

16   the possible penalties you face if you enter a guilty plea to

17   the charge in this case -- or to Count 2?

18        THE DEFENDANT:  Yes, Your Honor.

19        THE COURT:  During a period of supervised release you

20   must comply with a set of conditions which will be explained to

21   you by a probation officer.  Those conditions will include

22   requirements that you obey the law, that you report as required

23   to the probation officer, and other conditions.  If the Court

24   finds that you violated any of those conditions, you could be

25   required to serve additional prison time.  Do you understand

1  that?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Are you presently on probation, parole or

4  supervised release from any other case?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Mr. Osborne, does the United States

7  contend that any felony offense to which the defendant is today

8  pleading guilty occurred while he was released on bond or in

9  relation to some other federal criminal --

10          MR. OSBORNE:  No, Your Honor.

11          THE COURT:  Mr. Barriero, do you understand that this

12  case does involve restitution, that Judge Kobayashi will order

13  you to make restitution to the victim in this case?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Does this case involve possible

16  forfeiture?  Mr. Osborne?

17          MR. OSBORNE:  Your Honor, an asset has been seized.

18  It is the only known asset related to this case and it's a

19  Cadillac automobile.

20          UNIDENTIFIED MALE:  Mercedes.

21          MR. OSBORNE:  Mercedes automobile of approximately

22  $25,000 worth.  So, except for that, no, Your Honor.

23          THE COURT:  All right.  But that asset would be the

24  subject of a separate proceeding?

25          MR. OSBORNE:  Yes, Your Honor.

1        THE COURT:  All right.  Mr. Barriero, do you

2   understand that if you plead guilty a court, or the Court might

3   require you to forfeit property to the United States, do you

4   understand that?

5        THE DEFENDANT:  Yes, Your Honor.

6        THE COURT:  If you are convicted of the charge in this

7   case you may lose valuable civil rights, including the right to

8   vote, the right to hold public office, the right to serve on a

9   jury and the right to possess any kind of a firearm.  Do you

10  understand that?

11       THE DEFENDANT:  Yes, Your Honor.

12       THE COURT:  Since you are not a United States citizen,

13  Mr. Barriero, do you understand that a conviction in this case

14  might affect your right to remain in this country?

15       THE DEFENDANT:  Yes, Your Honor.

16       THE COURT:  All right.  The United States sentencing

17  commission has issued guidelines for judges to use in

18  determining the sentence in a criminal case.  While judges are

19  not bound to apply the guidelines, judges must consult the

20  guidelines and take them into account in determining a

21  sentence.  Have you and your attorney talked about how the

22  guidelines might apply to your case?

23       THE DEFENDANT:  Yes, Your Honor.

24       THE COURT:  Do you understand that the Court will not

25  be able to determine the advisory guideline sentence for your

1   case until after the presentence report has been completed and

2   you and the government have had an opportunity to challenge the

3   reported facts and the application of the guidelines

4   recommended by the probation officer and that the sentence

5   imposed may be different from any estimate your attorney may

6   have given you?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  Do you also understand that after your

9   advisory guideline range has been determined, the Court has the

10  discretion and authority to depart from the guidelines and to

11  impose a sentence that is more severe or less severe than the

12  sentence indicated in the advisory sentencing guideline range?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  Do you understand that Judge Kobayashi

15  will also determine your sentence based on admissions that you

16  make at this hearing?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  Do you understand that you do not have to

19  admit the factual matters in dispute, but if you do admit to

20  certain facts at this hearing, Judge Kobayashi would rely on

21  your admissions at the time of sentencing and that your

22  admissions may increase your sentence.

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  If the sentence is more severe than you

25  expected, you will still be bound by your plea.  Even if you do

1 not like the sentence imposed by the Court, you will not be

2 able to withdraw your plea, the time to make that decision is

3 now.  Do you understand that?

4       THE DEFENDANT:  Yes, Your Honor.

5       THE COURT:  Parole has been abolished.  If you are

6 sentenced to prison you will not be released on parole.  Do you

7 understand that?

8       THE DEFENDANT:  Yes, Your Honor.

9       THE COURT:  Mr. Barriero, you have a right to plead

10 not guilty to any offense charged against you and to persist in

11 that plea.  You will then have a right to trial by jury.

12 During that trial you would have the right to assistance of

13 counsel for your defense, the right to see and hear all the

14 witnesses and to have your attorney cross-examine them, the

15 right to testify yourself or to decline to testify and remain

16 silent, and the right to have the Court issue subpoenas for any

17 witnesses you wish to call in your defense.  At trial you would

18 be presumed to be innocent and the United States would have the

19 burden of proving that you are guilty beyond a reasonable

20 doubt.  Before you can be convicted, all 12 jurors must be

21 convinced that the government has met that burden.  If you are

22 found guilty after trial you would have the right to appeal

23 that conviction to a higher court and if you could not afford

24 to pay the cost of an appeal, the government would pay those

25 costs for you.  Do you understand that you have all of these

1    rights?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  If you plead guilty however and if the

4    Court accepts that plea there will be no trial, you will be

5    waiving or giving up your right to trial and all of the other

6    rights I have described.  Do you understand that?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Also, so long as you plead not guilty you

9    have the right to remain silent, but if you plead guilty you

10   are waiving that right, I will ask you questions about what

11   occurred and you must answer those questions truthfully under

12   oath even if your answers establish that you committed a crime.

13   Do you understand that?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  All right.  Mr. Osborne, would you

16   summarize for the Court and the defendant the essential

17   elements which the government would be required to prove if

18   there is a trial on the charge.

19             MR. OSBORNE:  That the defendant caused a thing of

20   value in excess of $5,000, in this case $200,000, in interstate

21   commerce, again, in this case, from Hawaii to Florida, and that

22   at the time he caused the transportation of that $200,000, he

23   knew the $200,000 had been obtained -- had been stolen from the

24   University of Hawaii.

25             THE COURT:  Mr. Coutain, do you disagree in any

1    respect with that summary as to the essential elements?

2              MR. COUTAIN:  I do not disagree with that, Your Honor.

3              THE COURT:  Mr. Barriero, do you understand that if

4    there was a trial on the charge, the government would be

5    required to present evidence sufficient to prove each of these

6    essential elements beyond a reasonable doubt?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  The plea agreement includes a written

9    summary of facts beginning at Paragraph 8 on Page 3 and

10   continuing on to Page 4.  Mr. Barriero, have you read carefully

11   through that statement of facts?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Are those facts all true in every respect?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Would you tell me in your own words what

16   you did that constitutes the crime charged against you in this

17   case.

18             THE DEFENDANT:  I've prepared a written statement.

19             THE COURT:  Yes.

20             THE DEFENDANT:  I own a talent entertainment

21   consulting agency called Epic Talent.  Earlier this year a

22   talent consultant named Helen Williams contacted me about

23   organizing a Stevie Wonder concert in Hawaii, in association

24   with a concert promoter named Robert Peyton.

25             I contacted Marc Hubbard, a music industry veteran of

1    17 years, who claimed to have access to Stevie Wonder through

2    members of Stevie Wonder's entourage.

3           Helen Williams and I negotiated a contract with

4    Mr. Peyton relying on Marc Hubbard's claim of access to Stevie

5    Wonder.  After the contract was signed I instructed Robert

6    Peyton to have the University of Hawaii wire a two thousand --

7    two thousand -- $200,000 deposit from Hawaii to my business

8    account in Florida and my written instructions stated the

9    account was an escrow account.

10          When the funds were wired in my account, I failed to

11   hold -- I failed to hold the funds in escrow.  Instead, I

12   deducted fees which consisted of consulting commissions for

13   myself, Helen Williams, and forwarded the remaining funds to

14   Marc Hubbard for delivery to Stevie Wonder's management.

15          THE COURT:  Mr. Osborne?

16          MR. OSBORNE:  Your Honor, we need an admission from

17   the defendant that because -- that the trust account was

18   nonexistent, at least at the account number the defendant

19   had -- had placed on that document and he knew that when those

20   monies were transferred to his personal account that they were

21   stolen.

22          THE COURT:  Mr. Coutain, you want a moment to confer

23   with your client?

24          MR. COUTAIN:  Well, Your Honor, my client is prepared

25   to admit that his wiring instructions did call -- did state

1    that the money would be sent to an escrow account.  He's also

2    prepared to admit that the account was not an escrow account.

3    In that sense, Your Honor, the funds were sent under false

4    pretenses, which I believe is sufficient to satisfy the

5    statute.  And I base this conclusion on the actual wording of

6    the statute which states that whoever transports, transmits or

7    transfers in interstate or foreign commerce any goods, the

8    value of $5,000 or more, knowing the same to have been stolen,

9    converted or taken by fraud.

10          The fact that the funds were sent under the

11   understanding that they were being sent to an escrow account,

12   when the account was not an escrow account, and were not held

13   in escrow but were in fact -- my client's fees were deducted

14   from that account I believe satisfies the elements of the

15   statute and he's prepared to testify to that.

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Mr. Barriero, you've heard what your

18   attorney just told me.

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Is what he said true?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Well, Mr. Barriero, what I'm going to do

23   is I'm going to ask Mr. Osborne to make what's called a proffer

24   on what he believes he would be able to prove if the case were

25   to go to trial against you.  I want you to listen to what he

1   tells me because when he's finished I'm going to ask you

2   whether you heard what he said and whether what he said about

3   you and your conduct is true.

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  All right.  Mr. Osborne, what's the

6   government's proffer?

7           MR. OSBORNE:  The government's proffer is that various

8   people associated with this defendant have made false

9   representations to the University of Hawaii concerning the

10  Stevie Wonder concert.  That this defendant had passed on

11  personally false representations made by others, and we do not

12  allege that he knew those allegations were false, but the

13  evidence will show that as part of this scheme the defendant

14  prepared and caused to be delivered to the University of Hawaii

15  a document which set out his account number, he described his

16  personal account number, he described that as a trust account,

17  and the University of Hawaii may -- sent by wire transmission

18  to that alleged trust account in his name when in fact it was a

19  personal account.  When he did that, he knew it would cause

20  monies to be transported by trick and device or stolen money.

21  And we need an admission from him that when he presented this

22  document for the purpose of having the money transferred, he

23  knew in fact that the transfer of that money constituted the

24  transmission of stolen or money taken by trick and device.

25          THE COURT:  Mr. Barriero, you've heard what

1    Mr. Osborne just told me?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Is what he said about you and your conduct

4    true?

5              THE DEFENDANT:  Yes, Your Honor, just want to make a

6    clarification.  It was a business account, not a personal

7    account, but it was -- everything else was accurate.

8              THE COURT:  You satisfied, Mr. Osborne?

9              MR. OSBORNE:  Yes, Your Honor, we're satisfied.

10             THE COURT:  All right.  Mr. Barriero, if you plead

11   guilty the Court will order that a presentence report be

12   prepared.  The sentencing judge will decide whether or not to

13   accept the plea agreement based in part upon the contents of

14   the presentence report.  If the Court decides to reject the

15   plea agreement, you will then have an opportunity to withdraw

16   your guilty plea and change it to not guilty.  Do you

17   understand that?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  All right.  Then, Mr. Barriero, how do you

20   plead to the charge contained in Count 2 of the indictment

21   filed on November 7th, 2012, guilty or not guilty?

22             MR. OSBORNE:  Your Honor, I believe it's Count 1.

23             MR. COUTAIN:  It's Count 2.

24             THE COURT:  It's Count 2.

25             MR. COUTAIN:  It's Count 2.

1          MR. OSBORNE:  Let me see the indictment.  I've handed

2     it up.

3          You're right.  I'm sorry, Your Honor.  It is Count 2.

4          THE COURT:  Mr. Barriero, let me put the question to

5     you again.

6          THE DEFENDANT:  Okay.

7          THE COURT:  How do you plead then to the charge

8     contained in Count 2 of the indictment filed on November 7,

9     2012, guilty or not guilty?

10          THE DEFENDANT:  Guilty.

11          THE COURT:  Mr. Coutain, are you aware of any reason

12     why the Court should not accept the defendant's guilty plea?

13          MR. COUTAIN:  No, Your Honor.

14          THE COURT:  The Court finds that the defendant is

15     fully competent and capable of entering an informed plea, that

16     his plea of guilty is knowing and voluntary and supported by an

17     independent basis in fact containing each of the essential

18     elements of the offense.  I'm therefore signing the Report and

19     Recommendation Concerning Plea of Guilty.  Subject to the

20     Court's consideration of the plea agreement pursuant to Rule

21     11(c)(3) of the Federal Rules of Criminal Procedure, I

22     recommend that the defendant be adjudged guilty and have

23     sentence imposed.  Objections to this report and recommendation

24     are waived unless filed and served within 14 days.

25          Mr. Barriero, I'm ordering our probation department to

1   prepare a presentence report in this case.  This is a document

2   about you and your case which will assist the judge in

3   determining your sentence.  The probation officer will

4   interview you.  If you wish, your attorney may be present at

5   that interview.  You and your attorney will have an opportunity

6   to read the report before sentencing and to file written

7   objections to its contents.  You and your attorney will also

8   have the opportunity to address the judge at the hearing before

9   the judge imposes sentence.

10          Date and time?

11          THE CLERK:  Sentencing to Count 2 of the indictment,

12   February 21, 2013, 2 p.m., Judge Kobayashi.

13          THE COURT:  Mr. Coutain, I have a report from Pretrial

14   Services.  Have you and your client had a chance to go over it?

15          MR. COUTAIN:  We have, Your Honor.

16          THE COURT:  Any comment?

17          MR. COUTAIN:  No comments, Your Honor.

18          THE COURT:  Mr. Osborne?

19          MR. OSBORNE:  Your Honor -- excuse me -- in regard to

20   the admissions by the defendant, the trick and device, or the

21   theft, was based on material of misrepresentations.  And I

22   would just add that of course the government will show the

23   materiality of a trust account versus a business account, that

24   would be additional evidence which I did not mention.

25          THE COURT:  But with regard -- yes, but with regards

1   to the release status of the defendant?

2         MR. OSBORNE:  We have no objection.  We concur with

3   the pretrial report.

4         THE COURT:  The Court taking judicial notice of the

5   information and documents on file in this criminal number and

6   the report prepared by Pretrial Services, based on the

7   information presented the Court does find that there are

8   conditions which exist which would reasonably assure the

9   appearance of the defendant and the safety of any other person

10  in the community and therefore the defendant Sean Barriero may

11  be released on the following terms and conditions:

12        First, he post an unsecured bond in the amount of

13  $50,000.

14        Next, he must comply with Pretrial Services

15  supervision and abide by all conditions of release as directed

16  by Pretrial Services.

17        He must maintain or actively seek employment as

18  directed by Pretrial Services.

19        He must surrender any passports and all travel

20  documents to the Clerk's Office.  He is not to apply for or to

21  obtain a passport.  Unless otherwise specified by the Court,

22  the Clerk's Office is directed to return any posted passports

23  to the defendant upon disposition of the case.

24        He must surrender the passports and all travel

25  documents no later than November 22nd, 2012.

1          The defendant's travel is restricted to the State of

2     Florida and the State of Hawaii for court purposes.  Any travel

3     outside the State of Florida is permitted for employment

4     purposes but only with the prior approval of Pretrial Services.

5          He is not to change his residence without the advance

6     approval of Pretrial Services.

7          He is to have no contact, direct, indirect or through

8     third-parties, with any co-defendants, co-conspirators or

9     witnesses in this and any related case.  The United States

10    Attorney's Office will provide Pretrial Services with the

11    initial and updated lists of names of persons with whom the

12    defendant's contact is prohibited.

13         The defendant is prohibited from possessing or having

14    access to any firearm, ammunition, destructive device or other

15    dangerous weapon.

16         He must immediately surrender all firearms,

17    ammunition, destructive devices and other dangerous weapons to

18    an agent approved by Pretrial Services.

19         He must contribute toward the cost of the services

20    required by the bond to the extent that he is financially able

21    to do so as determined by Pretrial Services.

22         The defendant must provide Pretrial Services with any

23    and all requested financial information regarding his financial

24    status, including but not limited to employment and all sources

25    of income, bank accounts, assets and liabilities and

1    investments.  He is required to sign and execute an

2    authorization to release financial information as requested by

3    Pretrial Services.

4           Pretrial Services is authorized to run credit reports

5    on a random and as-needed basis during the course of the

6    defendant's supervision to ensure the defendant's compliance

7    with pretrial release conditions.  He is required to sign and

8    execute any necessary release forms including but not limited

9    an authorization to release financial information as requested

10   by Pretrial Services.

11          The defendant is further prohibited from conducting

12   any monetary transactions without court approval in amounts

13   over the amount of $10,000.

14          Finally, the defendant shall not commit any offense in

15   violation of federal, state or local law while on release.  He

16   must appear at all proceedings as required and surrender for

17   service of any sentence imposed as directed.

18          And he must cooperate with the collection of a DNA

19   sample if it is authorized by -- according to United States

20   Code Section 14135a.

21          Mr. Barriero, do you understand you must follow and

22   comply with each and every one of the conditions I've stated

23   this afternoon?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Violation of any one condition may result

1     in the termination of your release and may expose you to

2     sanctions in a separate criminal charge.  Do you understand

3     that?

4             THE DEFENDANT:  Yes, Your Honor.

5             THE COURT:  Then I'll direct the defendant to the

6     marshal's office and to the Clerk's Office for processing of

7     documents necessary to allow for his release in accordance with

8     the terms and conditions stated this afternoon.

9             Anything else, Mr. Osborne?

10            MR. OSBORNE:  No, Your Honor.  Thank you.

11            THE COURT:  Mr. Coutain?

12            MR. COUTAIN:  No, Your Honor.

13            THE COURT:  We'll be in recess.

14     (The proceedings concluded at 2:38 p.m., November 8, 2012.)

15

16

17

18

19

20

21

22

23

24

25

1                    TRANSCRIBER'S CERTIFICATE

2

3            I, CYNTHIA FAZIO, Official Court Transcriber, United

4    States District Court, District of Hawaii, Honolulu, Hawaii, do

5    hereby certify that pursuant to 28 U.S.C. §753 the foregoing is

6    a true, complete and correct transcript from the electronic

7    sound recording of the proceedings had in connection with the

8    above-entitled matter and that the transcript page format is in

9    conformance with the regulations of the Judicial Conference of

10   the United States.

11
             DATED at Honolulu, Hawaii, October 9, 2014.
12

13

14                          _____*/s/ Cynthia Fazio*_____
                                CYNTHIA FAZIO, RMR, CRR
15

16

17

18

19

20

21

22

23

24

25